IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARITY DAWN AUSTIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 18-cv-091-DGW ) |
| COMMISSIONER of SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 36).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and her attorney (Doc. 36, Ex. 1 & 2) provided for a fee of 25% of plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries. Plaintiff and her child have been awarded past-due benefits based on plaintiff's disability record. In March 2019. the Commissioner ultimately decided that plaintiff has been disabled since June 2014. Thus, the amount of past-due benefits is considerable; 25% of the past due amounts equals $29,738.38. (Doc. 36. Ex. 5 & 6).

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical

terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $6,325.92. (Doc. 35).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff and her child, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $29,738.38 is a reasonable fee here. The Court notes that counsel "has advised the agency that he does not intend to seek fees under 42 U.S.C. § 406(a) for work performed before the agency if this Court grants his requested fee." (Doc. 38, p. 3).

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6. The Commissioner lodged an objection based on concern about a possible windfall but stated that he "will withdraw his objection if counsel certifies to the Court that he expended at least 29.8 hours in the court case." (Doc. 38, p.3). Counsel has so certified. (Doc. 39).

Wherefore, Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(Doc. 36)** is **GRANTED**. The Court awards plaintiff's counsel David W. Sutterfield a fee of $29,738.38 (twenty-nine thousand, seven hundred thirty-eight dollars and thirty-eight cents), to be paid by the agency from the past-due benefits. Upon receipt, Mr. Sutterfield shall refund to plaintiff the $6,325.92 EAJA fee.

**IT IS SO ORDERED.**

DATED: February 20, 2020.

*[signature]*

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**